**In re Dwayne H. STAPLES, Malinda L. Staples, Debtors.**

**Bankruptcy No. 388–01775–H13.**

United States Bankruptcy Court, D. Oregon.

June 17, 1988.

Magar E. Magar, Portland, Or., for debtors.

Steven G. Ross, Greene & Markley, P.C., Portland Or., for creditors.

### MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon James and Brenda Thompson's Motion for Relief from Stay. The Thompsons purchased the debtors' residence at a foreclosure sale for the sum of $17,000. They seek relief to continue a state court action to evict the debtors.

The debtors contend that relief should not be granted because the sale was a fraudulent conveyance under 11 U.S.C. § 548. The debtors, who claim the property value is at least $45,000, have commenced an adversary proceeding to set aside the transfer. The Thompsons respond that the sale could not be deemed a fraudulent conveyance because the debtor has not alleged any collusion or irregularity in the foreclosure sale, and therefore under the rule set forth in *Madrid v. Lawyers Title Insurance Corp.,* 21 B.R. 424

---

(B.A.P. 9th Cir.1982) the price received at the sale conclusively establishes "reasonably equivalent value" for the purpose of § 548.

The Bankruptcy Appellate Panel decision in *Madrid* relied upon by the Thompsons was appealed to the Ninth Circuit, which affirmed the decision upon different grounds. The Ninth Circuit did not consider the issue of reasonably equivalent value. Instead, the Ninth Circuit held that for the purpose of section 548(a)(2), the relevant transfer occurs when the lien is perfected. Under the Ninth Circuit analysis, where perfection occurs more than a year prior to the filing of the bankruptcy petition the transfer is immune from attack under § 548.

One of the changes made by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA) was to amend the definition of transfer found in § 101 of the Bankruptcy Code to include the "foreclosure of the debtor's equity of redemption". The amendment to Section 548 clarified its applicability to involuntary transfers. Those changes had the effect of overruling the Ninth Circuit decision in *Madrid. In re Main*, 75 B.R. 322,325 (Bankr. D.Ariz.1987); *In re Butler*, 75 B.R. 528, 531 n. 2 (Bankr.E.D.Pa.1987).

However, the Bankruptcy Appellate Panel's decision in Madrid was not revived when Congress overruled the Ninth Circuit decision.[1] *In re Verna*, 58 B.R. 246, 251 (Bankr.C.D.Cal.1986). This court must make an independent determination of the law.

I am persuaded by the reasoning of the dissent in the Bankruptcy Appellate Panel's *Madrid* decision, and conclude that the price paid at a regularly conducted foreclosure sale should be accorded, at best, a strong presumption of adequacy. Such a holding preserves assets for the general benefit of creditors in accordance with the intent of § 548. It is not inequitable to require that a purchaser who receives a windfall at a foreclosure sale return that value to the estate. Where such a sale is avoided, a good faith purchaser may be protected by § 548(c), which grants the buyer a lien to the extent that value was given. A purchaser at a foreclosure sale can avoid the threat of having the sale unwound under § 548 by bidding an amount which reasonably approximates the property's worth rather than attempting to obtain the property at a fraction of its value. Buyers wishing to bargain-hunt do so at their own risk.

In reaching the above conclusion the court is not unmindful of a ruling within the District of Oregon which appears to be to the contrary. In *Leisman v. Tracy*, Adv. No. 86–0360 (Bankr.D.Or. Dec. 15, 1986) the debtor filed a complaint under § 548 seeking to set aside a foreclosure sale of real property. The court, relying upon the Bankruptcy Appellate Panel's majority opinion in *Madrid*, entered an order granting the defendants' Motion to Dismiss, with leave to amend.

This court does not feel obligated to follow *Leisman v. Tracy* for several reasons. The *Leisman* order was not accompanied by a memorandum opinion or other analysis and this court can only speculate as to the basis of the conclusion. Under such circumstances this court need not feel constrained to follow the earlier ruling. *See In re West*, 64 B.R. 738, 744 (Bankr.D. Or.1986). Further, the order in *Leisman* cited by the Thompsons was not a final order from which an appeal could have been taken, but was interlocutory in nature.

The Thompsons' Motion for Relief from Stay should be denied. As a condition of continuing the stay, however, the debtors must make the $275 per month payments to the Thompsons previously required by the court. Such payments shall continue until such time as the adversary proceeding is resolved. The court requests that Mr. Magar present an appropriate order.

---

1. Even if the Bankruptcy Appellate Panel's decision were revived, this court would not be bound by the ruling, as it arose from another

district. *In re Junes*, 76 B.R. 795, 797 n. 1 (Bankr.D.Or.1987), *appeal docketed*, No. 87–1724 (B.A.P. 9th Cir. May 22, 1987).